## Yordán v. El Registrador de la Propiedad

## Recurso gubernativo contra nota del Registrador

## de la Propiedad de Ponce.

No. 11.   Resuelto en Octubre 13, 1905.

Documento público.—Otorgamiento.—Casos en que el Notario autorizante sea parte interesada.—El recurrente, Notario Público, autorizó un documento por el cual constituía hipoteca sobre bienes de su propiedad, concurriendo su esposa á los efectos de prestar su consentimiento para la constitución del gravámen; se resolvió que, con arreglo á derecho, tal documento es completamente nulo, pues el consentimiento de la esposa al otorgamiento de la hipoteca "implica necesariamente una disposición á favor del Notario autorizante del documento" y por consiguiente, comprendida en la prohibición que impide á los Notarios autorizar contratos que contengan alguna disposición en su favor.

### EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el abogado y notario don Luis L. Yordán Dávila contra resolución del Registrador de la Propiedad de Ponce, denegando la inscripción de una escritura hipotecaria.

*Resultando*: que por escritura pública otorgada en la ciudad de Ponce en veinte y cinco de febrero último, ante el notario de la misma don Luís L. Yordan Dávila, éste, haciendo uso de la autorización que le confería el artículo 65 del Reglamento de la Ley del Notariado vigente, y en unión de don Carlos Feliz Chardón y León, y ambos con el consentimiento de sus respectivas esposas doña Angela Pasarell y Pasarell y doña Isabel Palacios Pelletier, constituyeron hipoteca voluntaria sobre una finca rústica que les correspondía de por mitad proindiviso, á favor de la sociedad anónima establecida en la misma ciudad de Ponce bajo la denominación de "Crédito y Ahorro ponceño", por la suma de dos mil dollars que era en deber á dicha institución de crédito, don Julio N. Chardón y Rodríguez, y de cuya suma eran fiadores solidarios los refe-

ridos don Luis L. Yordán Dávila y don Carlos Feliz Chardón y León; compareciendo al otorgamiento de la escritura hipotecaria las expresadas doña Angela Pasarell y Pasarell y doña Isabel Palacios Pelletier, para prestar su consentimiento á la hipoteca constituída por sus respectivos maridos, como así lo hicieron constar expresamente en la escritura, que suscribieron en unión de los demás otorgantes.

*Resultando* que presentada una copia de dicha escritura al Registrador de la Propiedad de Ponce, para su inscripción, le fué denegada por el Registrador don José Sastraño Belaval, por los motivos que expresa la nota que puso al pie de dicho documento, la que copiada literalmente dice así:

"*Denegada* la inscripción del documento que precede, por resultar inscritas las fincas gravadas á favor de tercera persona, *y además porque prestando su consentimiento para la constitución de la hipoteca otorgada por el Notario autorizante, su esposa Doña Angela Pasarell Pasarell, viene á quedar comprendido el documento en la prohibición que establece el artículo 22 de la Ley del Notariado, cuya infracción acarrea la nulidad del título, según el párrafo 1o. del artículo 27 de la misma ley;* y tomo anotación por cuatro meses, á los folios 244 vto. y 13. vto. de los libros 34 y 101 de Juana Díaz y esta ciudad, fincas números 1725 y 4442, anotaciones letras A, en las que he consignado también el defecto subsanable de no acreditarse las facultades del Director Gerente para contratar á nombre del crédito y ahorro ponceño. Ponce y Agosto 8, de 1905.

*Resultando* que contra esta nota ha interpuesto en tiempo el notario Don Luis L. Yordán Dávila el presente recurso gubernativo, alegando:

*Primero*: que la prohibición contraída en el artículo 22 de la Ley del Notariado, no alcanza al recurrente y su esposa como otorgantes, siendo el que recurre el Notario autorizante del documento, toda vez que la escritura de que se trata *no contiene disposición á favor de ninguno de los otorgantes;* lejos de eso, el recurrente y su esposa otorgan fianza hipotecaria sobre parte de una finca de

su propiedad, es decir, que crean obligaciones en su contra sin que nada los beneficie.

*Segundo*: que ese artículo 22 de la Ley del Notariado que cita el Registrador de la Propiedad, es perfectamente armónico con el artículo 65 del Reglamento orgánico de dicha ley, artículo invocado en la escritura de que se trata, el cual dispone que el Notario, cuando no establece más que obligaciones propias, puede ser también otorgante con la ante firma por mí y ante mí y en igual caso, autorizar las obligaciones de sus parientes. Siendo así que en la escritura de que se trata, se han guardado todos los preceptos del artículo 65 citado, y que en la misma solo se establecen obligaciones en contra, claro y evidente resulta que dicha escritura es perfectamente válida y eficaz y no puede considerarse *nula* como caprichosamente afirma el Registrador de la Propiedad, ni comprendida en el párrafo 1 del artículo 27 de la Ley referida. Y

*Tercero*: porque suponiendo nula dicha escritura en lo que se refiere al otorgante y su esposa, el Registrador debió inscribirla en cuanto á la fianza hipotecaria que en la misma constituye Don Carlos F. Chardón León y su señora esposa, personas completamente extrañas al otorgante, á pesar de lo cual denegó la inscripción, no obstante haberse solicitado y pidiendo en su consecuencia, que se sirva revocar este Tribunal en todas sus partes la calificación hecha por el Registrador de la Propiedad de Ponce, en lo que se refiere á la nulidad que le atribuye á la escritura de fecha 25 de febrero del corriente año, bajo el número 7, otorgada en el Protocolo del recurrente, cuya copia se acompaña, ordenándole que, previa inscripción de los documentos anteriores á que se refiere el mismo funcionario, practique á su costa, la inscripción de la misma escritura por ser contraria á la ley la calificación que de la misma hiciera; y, toda vez que con esa denegación se han ocasionado daños y perjuicios al recurrente, tanto estableciendo el presente recurso, cuanto en su prestigio profesional, imponerle como costas á dicho Registrador la cantidad de $50 para el pago del franqueo y gastos éventuales que se ocasionan al recurrente como interesado con la interposición de este recurso, según todo lo acuerda la ley citada de marzo 1o. de 1902.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Vistos* los artículos 22 y 27 de la Ley del Notariado vigente en esta Isla y el 65 del Reglamento de la misma

y la resolución dictada en esta misma fecha por esta Corte Suprema en el recurso gubernativo número 11 interpuesto por el mismo notario don Luis L. Yordán Dávila contra negativa del Registrador de la Propiedad de Ponce á inscribir otra escritura hipotecaria y cuya doctrina por analogía de casos es perfectamente aplicable al presente.

*Se confirma* la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pie de la escritura que motiva el presente recurso, sin especial condenación de costas: y devuélvase dicha escritura al expresado registrador con copia de la presente resolución á los fines procedentes.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.